GLD-432                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-2382
_____

KEVIN MCKEITHER,
                                                    Appellant

v.

LOUIS FOLINO, Superintendent in his individual and official Capacity; SUSAN
COWAN, Unit Manager, In her individual and official Capacity; GABRIELLA
CONGELIO, Counselor In her individual and official Capacity; IRMA VIHLIDAL,
Health Care Administrator In her individual and official Capacity; JOHN MCANANY,
registered Nurse In his individual and official Capacity; NEDRA RICE-GREGO,
Registered Nurse Supervisor In her individual and official Capacity; DR. BIANGHUK
JIN, Medical Director In his individual and official Capacity; STEVEN BERGMAN,
D.O. In his individual and official Capacity; THOMAS A. LANORE, Physician Assistant
In his individual and official Capacity; TAMERLA HAMILTON, Registered Nurse In
her individual and official Capacity; TAI BLAKE, Registered Nurse In her individual
and official Capacity; MR. WHELAN, Medical Director In his individual and official
Capacity; KEITH BARBER, Ombudsman In his individual and official Capacity

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-12-cv-00176)
Magistrate Judge: Honorable Cynthia R. Eddy

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 19, 2013
Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed:  September 30, 2013)

_____

OPINION

_____

PER CURIAM

Pro se Appellant Kevin McKeither appeals the District Court's order granting Defendants' motion to dismiss. For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

In February 2012, McKeither initiated this civil rights action, claiming that the DOC improperly transferred him to an out-of-state prison. In his second amended complaint,[1] McKeither specifically claims that his Eighth Amendment right against cruel and unusual punishment was violated when he was transferred from SCI-Greene in Pennsylvania on or about February 18, 2010, to Muskegon Correctional Facility ("MCF") in Muskegon County, Michigan, while he was suffering from "chronic ailments not limited to but including hypertension . . ." See Second Amended Complaint at 3, ECF No. 34.[2] McKeither claims that he was transferred "despite the fact that the criteria [the DOC] were using [to determine who should be transferred] disqualified any prisoner with ongoing chronic medical conditions." Id. at 2.

_____

[1] On March 26, 2012, McKeither filed an amended complaint, which the Defendants moved to dismiss. The Court provided McKeither an opportunity to file an amended complaint. On November 28, 2012, McKeither filed a second amended complaint, which is at issue here.

[2] McKeither was transferred to Michigan pursuant to the Interstate Corrections Compact, 61 Pa. Cons. Stat. § 7101, et seq.

2

While at MCF, McKeither injured his right shoulder. He was prescribed Ibuprofen and Naproxen for pain management, and when these medications did not alleviate his pain, he was treated with four steroid injections. Thereafter, he experienced blurry vision, dry mouth, unusual thirst, increased urination, and elevated blood sugar. McKeither claims that the steroid injections should not have been given to a patient suffering from hypertension. He states that the steroids caused him to have a nose infection, which required antibiotic treatment, and that he now suffers from hyperglycemia, a diabetic condition, which requires insulin and Metformin. McKeither seeks to hold the Defendants liable for an Eighth Amendment violation, claiming that but for his transfer to Michigan, he would not have been treated for his shoulder pain and, consequently, he would not have become hyperglycemic because of the steroid injections and he would not have to take "Metformin more than likely for the rest of [his] life." Id. at 5.[3] The Defendants filed a motion to dismiss the second amended complaint, which the District Court granted.[4] This appeal followed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a

[3] Named as defendants in the second amended complaint are several prison officials from SCI-Greene and MCF.

[4] The motion to dismiss was filed on behalf of three SCI-Greene defendants, but the District Court considered the claims against all of the defendants and dismissed the complaint in its entirety.

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This Court affirms a district court's dismissal for failure to state a claim "only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." McGovern v. City of Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009). We may summarily affirm if the appeal does not present a substantial question, and may do so on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

McKeither claims that his Fourteenth Amendment procedural due process rights were violated when he was transferred from SCI-Greene to MCF. We agree with the District Court that any due process claim fails as a matter of law. It is well-settled that inmates have no constitutionally protected liberty interest in prison transfers. See Olim v. Wakinekona, 461 U.S. 238, 245-48 (1983). Moreover, despite McKeither's argument to the contrary, the fact that his transfer was allegedly in violation of the DOC policy providing that only inmates free of serious medical issues would be transferred, deviation from this policy does not show a violation of due process. See Griffin v. Vaughn, 112 F.3d 703, 709 n.3 (3d Cir. 1997) ("The process afforded by state law is not relevant in determining whether there is a state created right that triggers due process protection.").

Thus, McKeither has no justiciable claim that his rights were violated simply because he was transferred to a prison in Michigan.

McKeither also alleges that the Defendants acted with deliberate indifference by transferring him out of state and in failing to adequately treat him during his stay there in violation of the Eighth Amendment. The Eighth Amendment protects prison inmates from cruel and unusual punishment. See, e.g., Farmer v. Brennan, 511 U.S. 825, 832 (1994). To assert an Eighth Amendment conditions of confinement claim, a prisoner must show that the alleged deprivation is "sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities." Id. at 834. A prisoner must also demonstrate that prison officials possessed a "sufficiently culpable state of mind" and demonstrated "deliberate indifference" to his health or safety. Id.

In the context of Eighth Amendment claims based on medical care, a plaintiff must demonstrate deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976). A plaintiff may make a showing of deliberate indifference by establishing that the defendants "intentionally den[ied] or delay[ed] medical care." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." United States ex rel. Walker v. Fayette Cnty., 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotation marks omitted). Claims of negligence or medical malpractice do not constitute deliberate indifference. Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 193 (3d Cir. 2001).

Here, there are no allegations that the conditions at MCF deprived McKeither of the "minimal civilized measure of life's necessities," or that his illness went untreated and, thus, his claim fails.[5] Furthermore, we agree with the District Court that McKeither has set forth no allegation that any Defendant acted with deliberate indifference to a serious medical need. McKeither's allegations show that he received a substantial amount of medical treatment while he was confined at MCF. He received antibiotic for his nose infection and pain medication for his injury, and when that was not sufficient, he received steroid injections. McKeither alleges that his request for an MRI was denied and that the medical staff at MCF should have known not to give steroids to a patient with hypertension. He claims that as a result of the steroids, he developed hyperglycemia. While these allegations may, if true, rise to the level of medical malpractice, McKeither fails to allege that any Defendant had a sufficient "culpable state of mind" when they treated him. Moreover, to the extent that McKeither disagrees with the treatment he received, a prisoner's disagreement with proper medical treatment does not imply a constitutional violation. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir.

---

[5] To the extent that McKeither asserts that the Defendants acted with deliberate indifference because they transferred him to MCF when they knew he was "chronically ill," this claim also fails. There are no allegations that at the time McKeither was transferred to MCF, the SCI-Greene Defendants knew that he would sustain an injury that would exacerbate his existing medical condition, or that MCF was somehow ill-equipped to treat his condition. See Farmer, 511 U.S. at 837 ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

2004). Accordingly, McKeither fails to state a claim for deliberate indifference to a serious medical need under the Eighth Amendment.

IV.

For the foregoing reasons, no substantial question is presented, and we will affirm the judgment of the District Court. <u>See</u> 3d Cir. L.A.R 27.4; I.O.P. 10.6.[6]

---

[6] Having had two opportunities to amend his complaint, we agree with the District Court that allowing McKeither to amend for a third time would be futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).